28 F.3d 848
 Sandra BARRY, also known as Sandra Barry Lieberman, an
individual, Plaintiff,
v.
Charles L. BARRY, Defendant-Appellant,
Melanie G. Barry, Defendant,
Lawrence Swartz, Marcia Barry Swartz, Defendants-Appellees,
Twin City Fan and Blower Company, a Minnesota corporation,
Defendant-Appellant.
 No. 93-2718.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 11, 1994.
Decided July 5, 1994.
 
 Roger J. Magnuson, Minneapolis, MN, argued (Michael Wahoske, David Trevor, and Tamara Byram, on the brief), for appellant.
 William Pentelovitch, Minneapolis, MN, argued (Alain Baudry, on the brief), for appellee.
 Before McMILLIAN, Circuit Judge, LIVELY,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Charles Barry and Twin City Fan and Blower Company ("Twin City Fan") appeal from the district court's[1] order requiring them to advance legal expenses to Lawrence Swartz and Marcia Barry Swartz incurred in their defense against claims brought by Sandra Barry Lieberman. We affirm.
 
 I. BACKGROUND
 
 2
 Benjamin Barry founded Twin City Fan in 1973. He subsequently gifted ownership of the company in equal thirds to Charles Barry and his wife Melanie Barry, Marcia Barry Swartz and her husband Lawrence Swartz, and Sandra Barry Lieberman. In 1983, Lieberman sold her shares back to the company pursuant to a stock redemption agreement. The stock redemption agreement afforded Lieberman additional consideration in the event of certain corporate restructuring or sale of assets or shares before August 31, 1993.
 
 
 3
 In 1988, the Barrys and Swartzes initiated a series of corporate restructuring transactions. In 1990, they were involved in shareholder litigation arising out of the 1988 restructuring. They settled this litigation in April 1991, when the Swartzes sold their interest in Twin City Fan to the Barrys. As part of the settlement, Twin City Fan, the Swartzes, and the Barrys executed a purchase and loan agreement (the "purchase agreement") and a mutual release (the "release"). The release provided that the parties released all claims against each other based on anything occurring prior to the date of the release except for claims that the Barrys, Swartzes, or Twin City Fan might have against one another pursuant to the purchase agreement. Section 6.2 of the purchase agreement provided for indemnification as follows:
 
 
 4
 Mr. Barry ... and the Company, jointly and severally, shall indemnify and hold [the Swartzes] harmless in respect of the aggregate of all indemnifiable damages of [the Swartzes]. For this purpose, "indemnifiable damages" of [the Swartzes] means the aggregate of all expenses, losses, costs, deficiencies, liabilities and damages (including reasonable counsel fees and expenses incurred incident to the foregoing or in enforcing this provision) incurred or suffered by either one or both of [the Swartzes] ... (iv) to the extent provided in Minnesota Statutes Section 302A.521, [as a result of] the fact that one or both of [the Swartzes] were directors, officers, employees or agents of [Twin City Fan] or any corporate affiliate thereof or predecessor thereto ...
 
 
 5
 Lawrence Swartz served as a director and treasurer of Twin City Fan and one or more of its affiliates from 1975 to April 1991. Marcia Swartz served as a director of Twin City Fan or TCF Industries, Inc., an affiliate, from 1987 to 1989.
 
 
 6
 On August 27, 1992, Lieberman filed a complaint against Twin City Fan, the Barrys, and the Swartzes, claiming, among other things, that they had fraudulently induced her into entering into the stock redemption agreement, had breached that agreement, and had breached their fiduciary duties.[2] On September 25, 1992, the Swartzes made a written request to Twin City Fan for advancement of reasonable legal expenses incurred in defending Lieberman's action. In accordance with Minnesota Statutes Section 302A.521, subdivision 3, the Swartzes affirmed their good faith belief that the criteria for indemnification under the statute had been satisfied and undertook to repay all amounts advanced to them if it were ultimately determined that they were not entitled to indemnification. A Special Committee of the Board of Directors of Twin City Fan denied the request.
 
 
 7
 On May 12, 1993, the Swartzes sought an order from the district court pursuant to Minnesota Statutes Section 302A.521, subdivision 6(a)(5), requiring Barry and Twin City Fan to advance reasonable legal expenses incurred by the Swartzes in defending against Lieberman's claims. In a thorough, well-reasoned opinion, the district court concluded that the purchase agreement entitled the Swartzes to advances and granted their motion. This appeal followed.
 
 II. DISCUSSION
 
 8
 Barry and Twin City Fan offer two arguments on appeal. They first argue that the Swartzes released any statutory claims to advances when they executed the release, the purchase agreement represents the sole potential source of a right to advances, and the purchase agreement's provision for indemnification does not encompass advances.
 
 
 9
 Although the release was broad, it specifically excluded claims made pursuant to the purchase agreement. The Swartzes asserted their claim under Section 6.2 of the purchase agreement, which requires Barry and Twin City Fan to indemnify them "to the extent provided in Minnesota Statutes Section 302A.521."
 
 
 10
 Section 302A.521, entitled "Indemnification," contains nine subdivisions. Subdivision 2 provides that a corporation "shall indemnify a person made or threatened to be made a party to a proceeding by reason of the former or present official capacity of the person against ... reasonable expenses, including attorneys' fees and disbursements, incurred by the person in connection with the proceeding." Subdivision 3 provides that "if a person is made or threatened to be made a party to a proceeding, the person is entitled, upon written request to the corporation, to payment or reimbursement by the corporation of reasonable expenses, including attorneys' fees and disbursements, incurred by the person in advance of the final disposition of the proceeding." Both subdivisions are subject to the provisions of subdivision 4, which states that the articles or bylaws may impose other conditions upon, or prohibit altogether, indemnification or advances of expenses otherwise required by Section 302A.521.
 
 
 11
 Barry and Twin City Fan contend that the right to indemnification is distinct from the right to advances. Accordingly, in the absence of a specific reference to the right to advances in the purchase agreement, the Swartzes are not entitled to such advances. They cite for this proposition two cases involving the Delaware indemnification statute, Advanced Mining Systems, Inc. v. Fricke, 623 A.2d 82 (Del.Ch.1992), and Heffernan v. Pacific Dunlop GNB Corp., No. 91-C2494, 1992 WL 275573 (N.D.Ill. Oct. 1, 1992). Delaware's indemnification statute, however, differs from Minnesota's indemnification statute in at least one significant respect. Delaware's statute provides that a corporation may choose both whether to indemnify and whether to provide advances. Under the Minnesota statute, indemnification and advances are mandatory unless the corporation chooses to alter this scheme. By providing for indemnification to the extent of the Minnesota statute, the parties included the mandatory payment of advances as provided in subdivision 3 of Section 302A.521. The purchase agreement did not limit its reference to subdivision 2 of the statute. It also did not indicate the corporation's intention to opt out of subdivision 3, as required if desired under subdivision 4.
 
 
 12
 Barry and Twin City Fan also argue that even if the purchase agreement provided a contractual right to advances, the Swartzes are not entitled to either indemnification or advances because they were not made a party to the Lieberman suit "by reason of" their status as corporate directors or officers but "by reason of" their status as shareholders of Twin City Fan. See Minn.Stat. Sec. 302A.521, subd. 2. They emphasize that the one count remaining alleges a breach of the stock redemption agreement, an agreement which the Swartzes signed as shareholders.
 
 
 13
 To determine the capacity in which the Swartzes were sued, we must look to Lieberman's complaint. Heffernan v. Pacific Dunlop GNB Corp., 965 F.2d 369, 373 (7th Cir.1992); Mooney v. Willys-Overland Motors, Inc., 204 F.2d 888, 896 (3rd Cir.1953). Lieberman incorporates the following general allegations into all seven counts of her complaint. She alleges that Lawrence Swartz provided her with false financial information, an action taken while he was treasurer of Twin City Fan, and that defendants concealed favorable financial information from her. She alleges that Lawrence Swartz, as an officer and director of Twin City Fan, "exploited [Twin City Fan] for financial benefits substantially in excess of [a] reasonable salar[y] and reasonable benefits." Lieberman further alleges that defendants concealed from her the 1988 corporate restructuring and the 1991 buy-out, events that she claims triggered her right to additional consideration under the stock redemption agreement, and events that occurred as a result of actions taken by defendants in their official corporate capacities. While we recognize that Lieberman's allegations also address actions taken by defendants in their capacities as controlling shareholders, we agree with the district court that "the mere fact that the Swartzes wore two hats in their dealings with [Twin City Fan] and with [Lieberman] does not compel the conclusion that they were not sued, at least in part, because of their official status." Barry v. Barry, 824 F.Supp. 178, 185 (D.Ct.Minn.1993). We conclude that the "by reason of" language in the statute is broad enough to encompass Lieberman's allegations and that the Swartzes are entitled to advances under the purchase agreement.
 
 
 14
 The judgment is affirmed.
 
 
 
 *
 The HONORABLE PIERCE LIVELY, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 On March 3, 1993, the district court granted summary judgment in favor of Twin City Fan, the Barrys, and the Swartzes on all of Lieberman's claims except her claim that the Barrys and Swartzes caused Twin City Fan to breach the stock redemption agreement when it failed and refused to pay her additional consideration due at the time of the 1988 corporate restructuring